UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>          Plaintiff,<br><br>   v.<br><br>SUE HUBBARD CARTER, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:04-CV-05660-REC-SMS-P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO ADD NEW CLAIMS<br><br>(Doc. 17)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SCAN LODGED AMENDED COMPLAINT<br><br>(Doc. 18) |

      Plaintiff Cecil Jerome Hatchett ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 3, 2004. On November 24, 2004, the court dismissed plaintiff's complaint with leave to amend for failure to state any claims upon which relief may be granted under section 1983. Plaintiff filed an amended complaint on December 3, 2004, and on March 3, 2005, the court dismissed plaintiff's amended complaint for failure to state any claims upon which relief may be granted. Plaintiff filed a second amended complaint on March 9, 2005. On June 8, 2005, plaintiff filed a motion seeking leave to amend and submitted a proposed amendment setting forth new claims.

      Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

The court has reviewed plaintiff's proposed amendment and finds that it does not state a claim. Plaintiff alleges that he earned a twelve-point reduction of his classification score but that defendant O'Donald, his correctional counselor, failed to reduce his score. Plaintiff alleges that as a result, he remained housed on a maximum security level-four yard, where he was assaulted by other inmates. Plaintiff alleges that his rights under the Due Process Clause and the Eighth Amendment were violated.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976). The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Plaintiff does not have a liberty interest in a particular custody level. Id. For this reason, the failure to lower plaintiff's classification score does not implicate plaintiff's constitutional rights.

With respect to plaintiff's Eighth Amendment claim, to constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive

to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

The failure to adjust downward a classification score is not a deprivation "sufficiently grave to form the basis of an Eighth Amendment violation." Id. Accordingly, plaintiff's allegations do not give rise to a claim for relief under section 1983 for violation of the Eighth Amendment.

Allowing plaintiff leave to amend to add his claims against defendant O'Donald would be futile because plaintiff's claims against defendant O'Donald are not cognizable. In addition, in a Findings and Recommendations issued concurrently with this order, the court recommended that this action be dismissed, with prejudice, for failure to state any claims upon which relief may be granted under section 1983. Therefore, plaintiff's motion to amend shall be denied.

Accordingly,

1. For the reasons set forth in this order, plaintiff's motion seeking leave to amend to add two claims against defendant O'Donald, filed June 8, 2005, is DENIED; and

2. The Clerk's Office shall scan plaintiff's lodged amended complaint so that it becomes part of the record in this action.

IT IS SO ORDERED.

**Dated:   August 8, 2005**            **/s/ Sandra M. Snyder**
icido3                                 UNITED STATES MAGISTRATE JUDGE