UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT, | CASE NO. 1:04-CV-05660-REC-SMS-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| SUE HUBBARD CARTER, et al., | |
| Defendants. | (Doc. 16) |

I.  Findings and Recommendations Following Screening of Second Amended Complaint

    A.  Procedural History

Plaintiff Cecil Jerome Hatchett ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 3, 2004. On November 24, 2004, the court dismissed plaintiff's complaint with leave to amend for failure to state any claims upon which relief may be granted under section 1983. Plaintiff filed an amended complaint on December 3, 2004, and on March 3, 2005, the court dismissed plaintiff's amended complaint for failure to state any claims upon which relief may be granted. Now pending before the court is plaintiff's second amended complaint, filed March 9, 2005.

    B.  Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.  Plaintiff's Claims

The events at issue in the instant action allegedly occurred at Folsom State Prison and Corcoran State Prison. Plaintiff names Carter, Vella, Fischer, and Yamoto as defendants. Plaintiff is seeking money damages and declaratory relief, and alleges claims for relief for violation of the Eighth Amendment and the Due Process Clause stemming from his retention in administrative segregation for fifty-five months.

1.  Due Process Claim

Plaintiff alleges that defendants refused to release him from administrative segregation on his scheduled release date, and refused to show him any documentation. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative

segregation. See Hewitt, 459 U.S. at 466-68. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff has alleged no facts that establish the existence of a liberty interest in remaining free from administrative segregation. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Because plaintiff has not established the existence of a liberty interest in remaining free from administrative segregation, plaintiff may not pursue a claim for relief under section 1983 for deprivation of procedural due process.

Further, even if plaintiff had a liberty interest in remaining free from administrative segregation, plaintiff has not alleged any facts demonstrating that he was denied the procedural process he was due under federal law. The conclusory assertion that he was not provided with documentation upon his arrival at Corcoran is insufficient to support a claim that he was denied due process.

Finally, the Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The

Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Plaintiff has not done so, and therefore fails to state a claim upon which relief may be granted against defendants Carter, Vella, Fischer, and Yamoto.

### 2. Conditions-of-Confinement Claim

Plaintiff alleges that his administrative segregation cell was so cold, his lips cracked and bled, leaving several scars; that for fifty-five months, he had nothing to do twenty-four hours a day but sleep or sit around; and that he had only five minutes to shower and shave. Plaintiff alleges that the allotted time was insufficient to soap up, rinse off, and shave, and that as a result, he developed a cracking, bleeding rash from the soap residue and deep, cracking cuts which scarred from shaving too fast.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane

conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 835. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Farmer, 511 U.S. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 330-32 (1986).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Assuming that plaintiff's allegations support the existence of deprivations "sufficiently grave to form the basis of an Eighth Amendment violation," id., plaintiff has not alleged any facts that support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Accordingly, plaintiff fails to state a claim upon which relief may be granted against defendants Carter, Vella, Fischer, and Yamoto for violation of the Eighth Amendment.

D.   Conclusion

The court finds that plaintiff's second amended complaint does not contain any claims upon which relief may be granted under section 1983. Plaintiff has been notified of the deficiencies in his claims and provided with the opportunity to amend on two previous occasions, but has not been able to cure the deficiencies. Accordingly, it is HEREBY RECOMMENDED that this action be

///

dismissed, with prejudice, for failure to state any claims upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 8, 2005**                               **/s/ Sandra M. Snyder**
icido3                                                                      UNITED STATES MAGISTRATE JUDGE